## GOODWIN v. YARBROUGH.

The award shall not be set aside because the arbitrators state as the ground of it, matter which is not a legal cause of action.

ALFRED YARBROUGH and ROBERT GOODWIN. agreed in writing to submit to the arbitrament of Thomas Ringgold, James Gay and Benajah P. Whitlow, a controversy between them as to killing a mule and wounding a horse of Yarbrough, and killing another horse the property of T. C. Livingston, and in Yarbrough's possession as his agent ; which injuries he charged to have been done or procured to be done by Goodwin.

The statement being filed with the clerk of the Circuit Court, as required by the statute, and the proper order issued, &c. the arbitrators returned their award to the Circuit Court : That after a full hearing of the allegations and proofs of the parties, they find that the injuries charged in the submission were committed by John A. Goodwin, a minor, son of Robert Goodwin, and while in his service and on his premises, of which, by his permission, said John then had possession, charge and controul ; that the damages sustained by Yarbrough, were $125 in his private property, and $38 in the property for which he was agent, and they award that Robert Goodwin pay to Alfred Yarbrough $163, and pay all costs.

Goodwin filed exceptions.

That the plaintiff submitted and the arbitrators deter- mined, that which by law he could not submit; that the award was contrary to law; that the arbitrators made a notorious mistake in law; that as to the property of Livingston, the award would not bar a second action against Robert. nor against John A. Goodwin for the same tort. The Circuit Court after hearing the exceptions, rendered judgement in conformity to the award.

Goodwin assigned as error, that the exceptions should have been sustained and the award set aside.

STEWART, for plaintiff.

PICKENS, for defendant in error.

JUDGE SAFFOLD delivered the opinion of the majority of the Court.

IT is urged that under the submission, the arbitrators had no authority to award as to torts committed by the son, a minor, in the employment of his father, the plaintiff in error; the master or father is not responsible for torts committed by his servant or son, unless resulting from the service; if they are unconnected with the service, the servant alone is answerable. Supposing the record here to exhibit all the facts, we should probably feel little difficulty in concluding, that in an action according to strictly legal principles, the father would not be liable. But by a reference, the arbitrators are constituted the judges of the whole case, and the parties are presumed to have agreed to adjust their differences by the most speedy and convenient method, without regard to the technicalities of law; this is the necessary consequence of this mode of trial. The law does not provide or recognize any means by which the decision of arbitrators, either as to the facts or the law in the case, can be revised by any other tribunal. Nothing in the nature of a bill of exceptions to their opinion, is authorized. Such trials frequently occur in the absence of cousel, and before arbitrators, not well informed as to the law and the rules of evidence; and if awards were to be scrutinized by the strict rules of law, as applicable to ordinary proceedings in courts of justice, trials by arbitration instead of being speedy and convenient, would often lead parties into a labyrinth of difficulty and confusion.

The common law rule seems to be, that if the arbitrators intending to decide according to law, palpably mis-

20

JANUARY 1827. take it, it is a good reason for setting aside the award so far as affected by the mistake. But if knowing the law, or laying it out of view, they make what they conceive, under all the circumstances of the case, to be an equitable decision, it is no objection that the award in some particular point, is manifestly against law. [a] Our statutes provide that no such award shall be subject to be reversed or set aside, for informality or other cause, if the subject matter of the reference be decided; unless it appear satisfactorily to the Court before whom it may be returned, to have been obtained by evident partiality, bribery, corruption or other undue means. [b]

This award finds that the injury complained of has been sustained; that the plaintiff in error is responsible for it; assesses damages, and is decisive of the controversy. The arbitrators, in a supererogatory statement of facts, shew that they charge the father for the act of the son, a minor in his service, and in the management of his premises, when the trespass was committed. But they do not state whether it appeared that the father was present, that he commanded, advised or approved of the trespass ; nor does their statement shew, whether it contains all the evidence which was before them, or the form in which the evidence was received; nor whether they intended to decide according to the strict rules of law, or according to their own views of justice and equity. None of these matters are necessary to be shewn, in order to sustain an award; but most of them must appear on an application to set it aside. It is the opinion of the majority of the Court that the judgement be affirmed.